OPINION
{¶ 1} James Henderson appeals from his conviction for possession of crack cocaine. Henderson's experienced appointed counsel reviewed the record and informs us he can find no arguable merit to this appeal. We have informed Henderson of his counsel's findings and have given him an opportunity to file his own brief in this matter but he has not done so.
 {¶ 2} Henderson entered a plea of no contest to the charges after he was unsuccessful in suppressing the cocaine recovered on him at the time of his arrest. The facts underlying his arrest are as follows:
 {¶ 3} After Dayton Police received numerous complaints about drug activity at 18 Clover Street in Dayton, police officers went there on September 16, 2005 to investigate. Diane Inman answered the door and consented to the police searching the residence. When the police entered, Henderson was seated on a couch with a bag of marijuana on a table in front of him. Detective Shawn Emerson noticed that Henderson had his right hand tucked behind his back. Fearful that Henderson might have a weapon on him, Emerson asked Henderson to place his hands where they could be seen. He then asked Henderson to stand up so he could be patted down for weapons. Upon patting down Henderson, Emerson felt a hard object in Henderson's buttocks which he immediately recognized in light of his experience as crack cocaine. Emerson said crack is often carried in the buttocks area where it is not readily visible. Emerson then removed the crack from Henderson's pants pocket.
 {¶ 4} Henderson testified that the police entered 18 Clover Street without permission. He testified he lived there with his girlfriend, Sonja Hayden. He testified he was never near any marijuana and he was handcuffed before he was searched by the police officers. Diane Inman also testified that the police searched before she granted them permission to do so.
 {¶ 5} Although the trial court did not make written findings and legal conclusions, the court did make them orally from the bench. The trial court specifically found Detective Emerson's testimony at the suppression hearing credible. The trial court also stated that the search of Henderson's pants which revealed the crack cocaine was reasonable since the existence of the crack was "immediately apparent" to Emerson without manipulation. The court cited appropriately the United States Supreme Court's opinion of Minnesota v. Dickerson (1993),508 U.S. 366, 113 S.Ct. 2130, 124 L.Ed.2d 334, wherein the court held the police officer exceeded the limited pat down authorized byTerry when he manipulated the outside of the defendant's front pocket to determine the existence of crack cocaine.
 {¶ 6} It is fundamental that we must defer to the factual findings of trial courts in suppression hearings if they are supported by competent and credible evidence. State v. True (2000), 137 Ohio App.3d 348,351-52, 738 N.E.2d 830. The factual findings of the trial court are supported by our review of the record. We are also satisfied by our review of the record that there are no arguable issues for appeal and therefore we affirm the defendant's conviction.
WOLFF, P.J., and DONOVAN, J., concur.